UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:22-CR-3-1FL(4)
No. 2:22-CR-3-2FL(4)
No. 2:22-CR-3-3FL(4)
No. 2:22-CR-3-4FL(4)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| KAMEL SMALLWOOD ) | |
| TWONISHA SYKES ) | |
| DORREIN ASKEW ) | |
| RAVEN HALL ) | |

The Grand Jury charges that:

### Count One

From in or around January 2019 through in or around March 2019, in the Eastern District of North Carolina, the defendants KAMEL SMALLWOOD and TWONISHA SYKES, public officials, aiding and abetting each other, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of their official duty; that is, knowingly accepting payments of money in exchange for smuggling tobacco and tattoo ink, contraband items, into Rivers Correctional Institution, Winton, North Carolina, a prison, institution, and facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, providing tobacco and tattoo ink to

inmates, allowing inmates to possess the tobacco, tattoo ink, and contraband cellular telephones, and also by failing to report the possession of tobacco, tattoo ink, and cellular telephones to proper authorities, all in violation of Title 18, United States Code, Sections 201(b)(2)(A) & (C) and 2.

## Count Two

From in or around January 2019 through in or around March 2019, in the Eastern District of North Carolina, the defendants, KAMEL SMALLWOOD and TWONISHA SYKES, aiding and abetting each other, contrary to Title 28 C.F.R. § 6.1, knowingly provided and attempted to provide prohibited objects, to wit, tobacco and tattoo ink, to F.T., an inmate in Rivers Correctional Institution, Winton, North Carolina, a prison, institution, and facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(5), and 2.

## Count Three

Beginning or about November 1, 2019, and continuing up to and through on or about December 10, 2019, in the Eastern District of North Carolina, the defendant DORREIN ASKEW, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty; that is, knowingly accepting payments of money in exchange for smuggling alcohol, a contraband item, into Rivers Correctional Institution, Winton, North Carolina, a prison, institution, and facility in which persons are held in custody by

direction of and pursuant to a contract and agreement with the Attorney General, providing the alcohol to inmates, allowing inmates to possess the alcohol and contraband cellular telephones, and also by failing to report the possession of alcohol and cellular telephones to proper authorities, all in violation of Title 18, United States Code, Section 201(b)(2)(A) & (C).

## Count Four

Beginning on or about November 1, 2019, and continuing up to and through on or about December 10, 2019, in the Eastern District of North Carolina, the defendant, DORREIN ASKEW, contrary to Title 28 C.F.R. § 6.1, knowingly provided and attempted to provide a prohibited object, to wit, alcohol, to F.T., an inmate in Rivers Correctional Institution, Winton, North Carolina, a prison, institution, and facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, in violation of Title 18, United States Code, Sections 1791(a)(1) and (b)(4).

## Count Five

On or about March 3, 2020, in the Eastern District of North Carolina, RAVEN HALL, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling a special agent of the Department of Justice Office of the Inspector General that he did not control a certain CashApp account, which had identifier "C_0np0rgydh" and display name "Raven Hall," and had not received money from an inmate of Rivers Correctional Institution,

when the statements and representations were false because, as RAVEN HALL then and there knew, he did control that CashApp account, which had identifier "C_0np0rgydh" and display name "Raven Hall," and had received money on that account from an inmate of Rivers Correctional Institution, in violation of Title 18, United States Code, Section 1001.

[Remainder of page intentionally left blank]

## Forfeiture Notice

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against Kamel Smallwood, in the amount of at least $16,341

b) A sum of money representing the gross proceeds of the offense(s) charged herein against Dorrein Askew, in the amount of at least $15,026

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 3-1-22

MICHAEL F. EASLEY, JR.
United States Attorney

By: *Barbara D. Kocher, for*
JAKE D. PUGH
Assistant United States Attorney
Criminal Division